**NITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| Michael J Dunkirk | Bankruptcy 15-24221 |
| Julie A Dunkirk | Honorable LaShonda A. Hunt |
| | Set for February 19, 2021 9:15 am |
| Debtor/s. | |

## **NOTICE OF MOTION**

PLEASE TAKE NOTICE that on February 19, 2021, at 9:15 a.m., I will appear before the Honorable LaShonda A. Hunt, or any other judge sitting in that judge's place and present the **MOTION FOR RULE TO SHOW CAUSE,** a copy of which is attached.

**This motion will be presented and heard telephonically using AT&T Teleconference**. No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must call in to the hearing using the following information—**Toll Free Number: 1-888-557-8511; Access Code: 7490911**.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Respectfully submitted,

Cindy M. Johnson, not individually but as
Chapter 7 Trustee of the estate of

   /s/    Cindy M. Johnson\_\_\_\_
        Chapter 7 Trustee

Cindy M. Johnson
Chapter 7 Trustee
140 S. Dearborn Street, Suite 1510
Chicago, Illinois 60603
(312) 345-1306

## CERTIFICATE OF SERVICE

I, Cindy M Johnson, an attorney, certify that I served true and correct copies of the foregoing notice and document to which it refers to the persons listed on the attached service list via electronic service on those registered in the CM/ECF system and, for those not listed in the CM/ECF system, at the addresses listed, by placing them in envelopes, properly addressed, with proper postage prepaid, and depositing them in the Mail Chute at 140 S. Dearborn St., Chicago, Illinois at or before 5:00 p.m. on January 18, 2021.

   /s/ Cindy M. Johnson

## SERVICE LIST

**Electronic Mail Notice List**

- Adam G. Brief    Adam.Brief@usdoj.gov
- Cindy M. Johnson    cmjtrustee@jnlegal.net, cjohnson@ecf.axosfs.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- David M Siegel    davidsiegelbk@gmail.com, R41057@notify.bestcase.com;johnellmannlaw@gmail.com

**Manual Notice List**

LVNV Funding LLC c/o Resurgent Capital Services
P.O. Box 10587
Greenville, SC 29603-0587

Michael J. Dunkirk
Julie A. Dunkirk
19137 Janet Ave
Lockport, IL 60441

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **MICHAEL J DUNKIRK** | Bankruptcy 20-24221 |
| **JULIE A DUNKIRK** | Honorable LaShonda A. Hunt |
| Debtor/s. | |

## TRUSTEE'S OBJECTION TO THE
## CLAIM FILED BY QUANTUM3 GROUP, LLC AS AGENT FOR SANDINO FUNDING, LLC (CLAIM NO.2)

Cindy M. Johnson, not individually, but as Trustee of the bankruptcy estates of Michael J Dunkirk and Julie A Dunkirk, pursuant to 11 U.S.C. § 502(b) and Rule 3007 of the Federal Rules of Bankruptcy Procedure, hereby moves for entry of an order objecting to and disallowing the claim (the "Claim") of Quantum3 Group, LLC as agent for Sadino Funding, LLC (the "Creditor") docketed as Claim No.2 and attached hereto as an Exhibit as a claim (the "Objection"). In support of her motion, the Trustee states as follows:

1.  The Bankruptcy Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Case and this motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought in this motion are 11 U.S.C. §502(b) and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.  On July 16, 2015 (the "Petition Date"), Michael J Dunkirk and Julie A Dunkirk (the "Debtors") husband and wife filed a voluntary Joint petition for relief pursuant to 11 U.S.C §302(a) for relief under Chapter 7 of the United States Bankruptcy Code.

3. Cindy M. Johnson is the Chapter 7 Trustee (the "Trustee") of the above captioned bankruptcy case.

4. Though this is a jointly filed case in legal effect there are two separate Debtors with two separate Estates, *In Re Arnold,* 35 BR 765 (EDNY 1983). 11 USC §302 affords married couples the convenience of filing jointly but they are two separate Estates.

5. 11 U.S.C §302(b) provides that the Court will determine to what extent the estates should be consolidated if at all. No order consolidating the Estates has been entered by the Court.

6. The only asset administered by the Trustee was for the Michael J Dunkirk Estate

   a. Wells Fargo Creditor Placed Insurance (CPI) refund which was for a 2005 Ford F-150 which was owned by Michael J Dunkirk with Donald Hill, Michael J Dunkirk's uncle who is now deceased.

7. On or about October 6, 2020, Creditor filed an unsecured claim in the amount of $42.33.

8. The Claim and the supporting documentation name co-debtor Julie A Dunkirk as the only obligor to Creditor.

9. Co-Debtor was not an owner of the vehicle that was the subject of the CPI refund.

10. Creditor has no claim in funds currently held by the Trustee and cannot assert a claim against the Debtor bankruptcy estate.

11. There is no intention to liquidate any asset owned by Julie A Dunkirk, but instead the intention is to allow any such assets to be abandoned when this case is closed.

12. Pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, Trustee requests that the Court enter an order sustaining the Objection and denying

Creditor any claim in this Estate.

13. Pursuant to section 502(b) of the Bankruptcy Code, claims should be disallowed if such claim is unenforceable against property of the debtor.

14. In this case, the Claim is not properly asserted against the cash that Trustee is currently holding.

15. A validly filed proof of claim constitutes prima facie evidence of the claim's validity. Fed. R. Bankr.P. 3001(f). Therefore, a party objecting to the proof of claim has the initial burden to produce some evidence or legal point to overcome this rebuttable presumption. *In re Orseno*, 390 B.R. 350, 353–54 (Bankr.N.D.Ill.2008).

16. However, the Claimant is required to provide additional information to justify its claim, because the ultimate burden of persuasion always remains with the claimant to prove entitlement to the claim. *In re McCoy*, 355 B.R. 69, 72 (Bankr.N.D.Ill.2006).

17. Trustee does not believe Creditor has a right to recovery from property of the estate held by Trustee Accordingly, pursuant to section 502(B) of the Bankruptcy Code, this Court should hold that the Claim is unenforceable against this estate.

WHEREFORE, Cindy M. Johnson, trustee, respectfully requests that this Court enter an Order

(a) Sustaining Trustee's Objection to Claim 2 filed by Quantum3 Group, LLC as agent for Sadino Funding, LLC

(b) Disallowing Claim number 2 filed by Quantum3 Group, LLC as agent for Sadino Funding, LLC in full for distribution purposes as against the Estate of Michael J Dunkirk only and

(c) Granting such other and further relief as this Court may deem just and

equitable.

          Respectfully submitted,

          Cindy M. Johnson, not individually but as
          Chapter 7 Trustee of Michael J Dunkirk and
          Julie A Dunkirk

          /s/    Cindy M. Johnson
Cindy M. Johnson                      Chapter 7 Trustee
Chapter 7 Trustee
140 S. Dearborn Street, Suite 1510
Chicago, Illinois 60603
(312) 345-1306