# UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Michael J. Dunkirk | § | Case No. 15-24221 |
| Julie A. Dunkirk | § | |
| | § | |
| | § | |
| Debtors | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 07/16/2015. The undersigned trustee was appointed on 09/28/2020.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 12,743.06 |

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 5.00 |
| Bank service fees | 8.72 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 4,000.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]     $ | 8,729.34 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 12/30/2020 and the deadline for filing governmental claims was 12/30/2020. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,624.31. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests a sum of $1,624.31, for a total compensation of $1,624.31$^2$. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $7.05, for total expenses of $7.05$^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/02/2021        By: /s/Cindy M. Johnson, Trustee
                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

$^2$If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

Case 15-24221   Doc 41   Filed 04/07/21   Entered 04/07/21 11:30:19   Desc Main
Document   Page 3 of 10

Page: 1

Exhibit A

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

| Case No: | 15-24221 | LAH | Judge: | LaShonda A. Hunt | Trustee Name: | Cindy M. Johnson, Trustee |
|---|---|---|---|---|---|---|
| Case Name: | Michael J. Dunkirk | | | | Date Filed (f) or Converted (c): | 07/16/2015 (f) |
| | Julie A. Dunkirk | | | | 341(a) Meeting Date: | 08/10/2015 |
| For Period Ending: | 04/02/2021 | | | | Claims Bar Date: | 12/30/2020 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Wells Fargo CPi refund (u) | 12,761.06 | 8,761.06 | | 12,743.06 | FA |
| 2. Security Deposit | 1,300.00 | 0.00 | | 0.00 | FA |
| 3. TV and furniture | 2,000.00 | 441.00 | | 0.00 | FA |
| 4. Antiques, Valuable Books, Valuable Collections | 500.00 | 0.00 | | 0.00 | FA |
| 5. Wearing Apparel, normal apparel | 1,000.00 | 0.00 | | 0.00 | FA |
| 6. ERISA Qualified 401k | 0.00 | 0.00 | | 0.00 | |
| 7. 1989 Dodge Ram 1500 | 1,025.00 | 0.00 | | 0.00 | FA |
| 8. 2005 Hyundai Santa Fe (leased auto) | 3,300.00 | 0.00 | | 0.00 | FA |
| 9. PNC Bank accounts ending in 1324, 1332, 2096, 7886, 7878, 7851 (u) | 88.00 | 88.00 | | 0.00 | FA |
| 10. chase accounts ending in 3360 and 1935 (u) | 28.00 | 28.00 | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $22,002.06   $9,318.06   $12,743.06   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Case re-opened on 9/25/20 (doc. 27) and trustee re-appointed 9/28/20 (doc. 28) to administer funds sent to trustee by Wells Fargo, representing refund for per-petition overpayment due to erroneously placed, forced-placed, insurance on Mr. Dunkirk's previous car loan. Previous no-asset report has been withdrawn. (doc. 30). Bar date passed, all claims reviewed. Trustee has submitted final report to US Trustee's office.

| RE PROP # | 1 | -- | Wells Fargo CPI refund check case repoened by UST to allow administration of the asset |
| RE PROP # | 9 | -- | Insufficient amount to administer alone |
| RE PROP # | 10 | -- | Insufficient value to administer alone. |

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

Initial Projected Date of Final Report (TFR): 03/31/2021          Current Projected Date of Final Report (TFR): 04/30/2021

Exhibit A

FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 15-24221 | Trustee Name: | Cindy M. Johnson, Trustee |
|---|---|---|---|
| Case Name: | Michael J. Dunkirk | Bank Name: | Axos Bank |
| | Julie A. Dunkirk | Account Number/CD#: | XXXXXX0966 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX6016 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 04/02/2021 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 09/30/20 | 1 | Wells Fargo Auto/CPI Payment Program<br>PO Box 4199<br>Portland, OR 97208-4199 | Turnover of funds<br>Wells Fargo CPI refund | 1229-000 | $10,935.61 | | $10,935.61 |
| 11/03/20 | 2001 | Michael J Dunkirk<br>19137 Janet Ave<br>Lockport, IL 60441 | Exemption<br>Debtor's claimed exemption in force placed insurance refund | 8100-002 | | $4,000.00 | $6,935.61 |
| 01/04/21 | 1 | Wells Fargo Auto/CPI Payment Program<br>PO Box 4199<br>Portland OR 97208-4199 | Turnover of funds<br>Wells Fargo Auto CPI Reimbursement | 1229-000 | $1,807.45 | | $8,743.06 |
| 02/23/21 | 2002 | International Sureties, LTD<br>Suite 420<br>701 Poydras St<br>New Orleans, LA 70139 | 2021 Blanket Bond | 2300-000 | | $5.00 | $8,738.06 |
| 03/03/21 | | Axos Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $8.72 | $8,729.34 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $12,743.06 | $4,013.72 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $12,743.06 | $4,013.72 |
| Less: Payments to Debtors | $0.00 | $4,000.00 |
| Net | $12,743.06 | $13.72 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*  Page Subtotals:  $12,743.06  $4,013.72

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0966 - Checking | $12,743.06 | $13.72 | $8,729.34 |
|  | $12,743.06 | $13.72 | $8,729.34 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $12,743.06 |
| Total Gross Receipts: | $12,743.06 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 15-24221  
Debtor Name: Michael J. Dunkirk  
Claims Bar Date: 12/30/2020  

Date: April 2, 2021

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Cindy M. Johnson<br>Chapter 7 Trustee<br>140 S. DEARBORN STREET<br>SUITE 1510<br>CHICAGO, IL 60603 | Administrative | | $0.00 | $1,624.31 | $1,624.31 |
| 100 2200 | Cindy M. Johnson<br>Chapter 7 Trustee<br>140 S. DEARBORN STREET<br>SUITE 1510<br>CHICAGO, IL 60603 | Administrative | | $0.00 | $7.05 | $7.05 |
| 1 300 7100 | Lvnv Funding, Llc<br>Resurgent Capital Services<br>Po Box 10587<br>Greenville, Sc 29603-0587 | Unsecured | Claim withdrawn by Creditor 1/6/2021 Dkt 38 | $8,061.00 | $5,507.07 | $0.00 |
| 2 300 7100 | Quantum3 Group Llc As Agent For<br>Sadino Funding Llc<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | Objection to Claim sustained 2-22-21 as to Michael's estate only-only DKt 40 | $0.00 | $42.33 | $0.00 |
| 3 300 7100 | Lvnv Funding, Llc<br>Resurgent Capital Services<br>Po Box 10587<br>Greenville, Sc 29603-0587 | Unsecured | | $11,825.00 | $11,773.61 | $11,773.61 |
| | Case Totals | | | $19,886.00 | $18,954.37 | $13,404.97 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-24221
Case Name: Michael J. Dunkirk
                Julie A. Dunkirk
Trustee Name: Cindy M. Johnson, Trustee

      Balance on hand      $      8,729.34

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Cindy M. Johnson | $ 1,624.31 | $ 0.00 | $ 1,624.31 |
| Trustee Expenses: Cindy M. Johnson | $ 7.05 | $ 0.00 | $ 7.05 |

    Total to be paid for chapter 7 administrative expenses    $    1,631.36
    Remaining Balance    $    7,097.98

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $11,773.61 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 60.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Lvnv Funding, Llc | $ 0.00 | $ 0.00 | $ 0.00 |
| 2 | Quantum3 Group Llc As Agent For | $ 0.00 | $ 0.00 | $ 0.00 |
| 3 | Lvnv Funding, Llc | $ 11,773.61 | $ 0.00 | $ 7,097.98 |
| | Total to be paid to timely general unsecured creditors | | | $ 7,097.98 |
| | Remaining Balance | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE